NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0787n.06
Filed: November 8, 2007

No. 07-5297

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

POLLY WELLS, as Executrix of the Estate of ) 
John Wells, Deceased, )
                                             ) ON APPEAL FROM THE UNITED STATES
     Plaintiff-Appellant, ) DISTRICT COURT FOR THE EASTERN
                                             ) DISTRICT OF KENTUCKY AT
     v. ) LEXINGTON
                                             )
PORTMAN EQUIPMENT COMPANY, et al., )
                                             )
     Defendants-Appellees. )

Before: KEITH and ROGERS, Circuit Judges; and ALDRICH, District Judge.[*]

**ANN ALDRICH, District Judge.** This is a products liability case based on diversity jurisdiction. Plaintiff-appellant Polly Wells, executrix of the estate of her husband, John Wells, appeals an order of the United States District Court for the Eastern District of Kentucky granting defendants' motions for summary judgment on her products liability claims.

John Wells, an electrician for United Metals Automation and Control ("UMAC"), was electrocuted when using an electric ariel lift manufactured by defendant-appellee Bil-Jax, Inc. ("Bil-Jax"), and subsequently sold to UMAC by defendant-appellee Portman Equipment Company ("Portman"). As manufactured, the lift would only operate if all four of its outriggers were extended to provide stability. Sometime after UMAC purchased the lift, it was rewired to operate without all

_____

[*] The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

of the outriggers deployed. On October 27, 2004, Mr. Wells used the lift without deploying all of the outriggers, exposing a small metal notch that would not have been exposed had the outriggers been deployed. Mr. Wells then tied an extension cord to the rail of the lift's cage, which became lodged in the exposed notch. As Mr. Wells elevated the lift, the notch stripped the cord, energizing the lift. When Mr. Wells came into contact with the electrical components attached to the building, he completed the electrical circuit and sustained fatal injuries.

Mrs. Wells subsequently alleged that the lift was unreasonably dangerous in its manufactured state, bringing products liability claims for a design defect and failure to warn against Bil-Jax and Portman. After removing the case to federal court, Bil-Jax and Portman each filed motions for summary judgment.

Upon reviewing the record *de novo*, we find that summary judgment in favor of Bil-Jax and Portman is the appropriate disposition in this case. In a thorough and well-reasoned opinion, the district court reached the same conclusion on two grounds: (1) that KRS 411.320 (1) barred Wells from recovery in light of the modification of the lift; and (2) that Wells had failed to present evidence of a design defect. Because the district court fully addressed the issues and disposed of them correctly on the second ground, the issuance of an opinion by this Court would be merely duplicative and would not add to existing case law. Therefore, we affirm on the basis of the district court's second ground and reserve judgment on the applicability of KRS 411.320 (1).